# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4335 | **DATE** | 7/20/2010 |
| **CASE TITLE** | AEL Financial, LLC vs. Burns | | |

**DOCKET ENTRY TEXT**

Defendant shall submit an amended Notice of Removal and Counterclaim pursuant to this Order on or before August 25, 2010.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Defendant removed this case from the Circuit Court of Cook County on July 13, 2010, based on the District Court's diversity jurisdiction. In her Notice of Removal, Defendant alleges that the amount-in-controversy requirement of the federal diversity statute is satisfied. See 28 U.S.C. § 1332(a). Defendant also alleges that she is a citizen of Arizona, and that the Plaintiff, a limited liability company, is a citizen of Illinois. See id. Defendant has also filed a Counterclaim in which she again alleges that Plaintiff is a limited liability company.

    Federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). In Market Street Assocs. Ltd. Partnership v. Frey, the Seventh Circuit stated: "We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care . . . ." Market Street Assocs. Ltd Partnership, 941 F.2d 588, 590 (7th Cir. 1991); see also Hart v. Terminex Intern., 336 F.3d 541, 544 (7th Cir. 2003) (reiterating the admonition that litigants and courts must "meticulously review the limits of federal jurisdiction" so as to avoid the "waste of federal judicial resources and delay of justice" that occurs where a case is found to lack subject matter jurisdiction only after proceeding on the merits).

    To establish diversity jurisdiction, Defendant must establish, *inter alia*, that the parties are citizens of different states. See 28 U.S.C. 1332(a). "[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Unincorporated enterprises, such as limited liability companies, take the citizenship of every member. Id. ("[W]e conclude that the citizenship of an LLC for the purposes of the diversity jurisdiction is the citizenship of its members."). Thus, LLCs are citizens of every state of which any

| STATEMENT |
|---|
| member is a citizen. <u>See id.</u> Further, "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" <u>Hart</u>, 336 F.3d at 543 (citing <u>Meyerson v. Harrah's East Chicago Casino</u> (Meyerson I), 299 F.3d 616, 617 (7th Cir. 2002)).<br>      In order to establish the diversity jurisdiction of the District Court, Defendant must therefore explain the citizenship of each member of the Plaintiff LLC. Defendant shall submit an amended Notice of Removal and Counterclaim on or before August 25, 2010. |