

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4335 | DATE | 10/19/2010 |
| CASE TITLE | AEL Financial, LLC vs. Jennifer Burns, N.M.D. | | |

**DOCKET ENTRY TEXT**

Motion by Plaintiff to strike affirmative defenses [9] is denied.

*[signature: Charles Norgle]*

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff AEL Financial, LLC (AEL) initiated this case in the Circuit Court of Cook County on June 4, 2010, alleging that Defendant Jennifer Burns (Burns) failed to make timely payments and defaulted on a lease agreement that the parties entered with respect to a laser system that Burns sought to use in her medical practice. According to the parties' agreement, which AEL attached to its original complaint, Burns agreed to make "rental payments" for the laser in the amount of $2,285.00 per month for a term of 62 months. AEL further alleged that Burns failed to pay under the agreement and, as of March 8, 2010, she owed AEL $103,232.17. Then, after AEL repossessed the laser and sold it at a U.C.C. sale, the current principal past due amount was $92,732.71, which AEL sought to recover from Burns.
    The following month Burns removed the case to this Court and, in response, filed an assortment of affirmative defenses and counterclaims against AEL. In her answer, she alleges that a third-party arranged for her to finance the laser's purchase, and that she and AEL entered a purchase agreement for the laser, not a lease agreement. Burns further alleges that she eventually sold her business, and that the new owner assumed payments under the agreement. Then, at some point the new owner stopped making payments on the laser, and after Burns held it for safekeeping, AEL repossessed it and sold it in a U.C.C. sale. Burns alleges, however, that AEL violated various provisions of Article 9 of the U.C.C. when it allegedly failed to issue proper notice of the U.C.C. sale, failed to properly calculate the deficiency after the sale and ultimately conducted a commercially unreasonable sale. AEL moved to strike Burns' affirmative defenses and counterclaims. The motion is fully briefed and before the Court.
    The Court initially notes that AEL has not moved to dismiss Burns' affirmative defenses or counterclaims; it moved to strike them pursuant to FED. R. CIV. P. 12(f). In the alternative, AEL requested that the Court convert the counterclaims to affirmative defenses pursuant to FED. R. CIV. P. 8(c)(2). The Court shall discuss these contentions using the following standards.
    The Court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f); Delta Consulting Group, Inc. v. R. Randle Constr.,

# STATEMENT

Inc., 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored, however, and should generally be denied unless it appears to a certainty that prejudice will result or that "plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Heller v. Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). "It is also true that because affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." Davis v. Elite Mortgage Servs., 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 665 (7th Cir. 1992).

As to AEL's motion pursuant to Rule 8(c)(2), the statute provides that "[i]f a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." FED. R. CIV. P. 8(c)(2). And while the phrase "if justice requires" is not well-defined, the rule generally favors defendants because courts will construe responsive pleadings liberally to maximize the defendant's available legal theories. See Caldera v. Northrop Worldwide Aircraft Servs., 192 F.3d 962, 970 (Fed. Cir. 1999).

As to Burns' affirmative defenses, AEL argues that Burns' list of defenses must be stricken because they are "nothing more than 'bare bones legal conclusions' with no reasoning to support them." Mot. ¶ 7. While Burns has no duty to support her defenses with "reasoning," as AEL suggests, she must notify AEL of the basis for her defenses and the grounds upon which they rest. Renalds v. S.R.G. Rest. Group, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). In her Answer, Burns sets forth not only a list of conclusory affirmative defenses, but she also sets forth a factual background and other allegations in support of her counterclaims. Read in its entirety, the Court finds that the Answer satisfies the short, plain statement requirement of Rule 8 and, in turn, provides a sufficient basis for Burns' affirmative defenses. In other words, given what Burns has pleaded in support of her counterclaims, AEL should have sufficient notice of the grounds that support the defenses she listed in the earlier part of her Answer. This is enough survive AEL's motion to strike. It is therefore denied.

As to Burns' counterclaims, AEL's primary contention is that the claims provide no causes of action against AEL, they merely provide another reason why AEL has no right of recovery. According to AEL, the counterclaims are not claims at all, they are defenses, and thus they should be reclassified as such or stricken altogether. The Court, however, disagrees. At this point, there is no basis to strike Burns' counterclaims because they are neither prejudicial nor unsupported by short, plain statements that form a plausible basis for relief. Furthermore, the counterclaims, as alleged, set forth a reasonable basis for recovery under the U.C.C., as the statute allows an aggrieved party to recover damages for losses caused by the seller's noncompliance with the Code's provisions. For now, the Court finds that Burns' counterclaims are appropriately pleaded and shall remain as counterclaims. AEL may revisit any shortcomings at a later point in the proceedings. Accordingly, AEL's motion to strike is denied in its entirety.

IT IS SO ORDERED.